Nicholas D. Kovarik, WSBA #35462
Email: nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Attorney for Plaintiff Dan Kyes, et al.

**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DAN KYES, Individually and For Others Similarly Situated.<br><br>Plaintiffs,<br>v.<br><br>TEREX CORPORATION<br><br>Defendant. | Case No.: 2:21-cv-951<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dan Kyes (Kyes) is informed and believes, and on that basis alleges, as follows:

**SUMMARY**

1.     Terex Corporation (Terex) failed to pay Kyes, and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Revised Code of Washington, Chapter 49.46 *et seq.* (RCW), Washington's Minimum Wage Act (WMWA), and any relevant regulations and/or rules adopted by the Washington Director of Labor and Industries (collectively, "Washington Wage Laws").

2.     Instead, Terex pays Kyes, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

CLASS AND COLLECTIVE ACTION
COMPLAINT  - 1 -

3. Terex further failed to pay Kyes, and other workers like him, for all rest breaks, meal breaks in violation of Washington Wage Laws.

4. Kyes brings this collective and class action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

## THE PARTIES

8. Kyes was an hourly employee of Terex. His written consent is attached as Exhibit A.

9. Kyes seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

10. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

CLASS AND COLLECTIVE ACTION
COMPLAINT  - 2 -



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

> **All hourly employees of Terex who were, at any point in the past 3 years, paid less than time and a half for hours worked over 40. (the "FLSA Class").**

11. Kyes also seeks certification of a class under Fed. R. Civ. P. 23 to remedy Terex's violations of the Washington Wage Laws.

12. The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their Washington Wage Laws claims is defined as:

> **All hourly employees of Terex who worked in Washington who were, at any point in the past 3 years, paid less than time and a half for hours worked over 40 (the "Washington Class").**

13. Collectively, the FLSA Class Members and Washington Class Members are referred to as "Class Members."

14. Terex is a Connecticut corporation conducting business throughout the United States. Terex may be served with process by serving its registered agent: Corporation Service Company, 100 Pearl Street, 17th Floor, MC-CSC1, Hartford, Connecticut, 06103.

**Coverage Under the FLSA**

15. At all times hereinafter mentioned, Terex was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Terex was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Terex was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as computers, automobiles, and cell phones – because Terex provides services to the energy, construction, and utility industries throughout this country.

18. At all relevant times, Terex had an annual gross volume of sales made in excess of $500,000.00.

19. At all times hereinafter mentioned, Kyes and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20. Terex provides aerial work platforms and materials to companies nationwide.

21. Terex provides its products in construction, maintenance, manufacturing, and energy industries.

22. In order to provide these services, it employs individuals like Kyes.

23. Kyes was an hourly employee of Terex.

24. Kyes was hired in 2011.

CLASS AND COLLECTIVE ACTION
COMPLAINT  - 4 -



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

25. Kyes was a Production Supervisor for Terex.

26. Kyes worked outside of Seattle, Washington for Terex.

27. Terex paid Kyes by the hour.

28. Terex paid Kyes $35 per hour.

29. Kyes reported the hours he worked to Terex on a regular basis.

30. If Kyes worked fewer than 40 hours in a week, he was only paid only for the hours he worked.

31. But Kyes regularly worked more than 40 hours in a week.

32. Kyes would regularly work 55 to 60 hours in a week.

33. The hours Kyes worked are reflected in Terex's records.

34. Terex paid Kyes at the same hourly rate for all hours worked up to 40 hours in a workweek.

35. After Kyes reached 40 hours, he was not paid for hours worked up to 46 hours in a workweek.

36. Kyes was unpaid for the 6 hours between 40 and 46 hours in a workweek.

37. Once Kyes reached 46 hours he was paid his straight time rate for all hours worked in a workweek.

38. Rather than receiving time and half as required by the FLSA and Washington State Laws, Kyes and the Putative Class Members only received "straight time" pay for overtime hours worked.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 5 -

39. This "straight time for overtime" payment scheme violates the FLSA and the Washington Wage Laws.

40. Kyes and the Putative Class Members were not paid for periods of inactivity during meal breaks and rest breaks.

41. Terex has not paid Kyes and the Putative Class Members the overtime they are owed, constituting waiting time.

42. Terex was aware of the overtime requirements of the FLSA and Washington Wage Laws.

43. Terex nonetheless failed to pay certain hourly employees, such as Kyes, overtime.

44. Terex did not pay Kyes and the Putative Class Members on a salary basis.

45. Terex's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the Washington Wage Laws.

### FLSA VIOLATIONS

46. By failing to pay Kyes and the FLSA Class Members overtime at one-and-one-half times their regular rates, Terex violated the FLSA's overtime provisions.

47. Terex owes Kyes and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

48. Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

49. Because Terex knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Terex owes these wages for at least the past three years.

50. Terex is liable to Kyes and the FLSA Class Members an amount equal to all unpaid overtime wages as liquidated damages.

51. Kyes and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

52. The workers impacted by Terex's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## WASHINGTON WAGE LAW VIOLATIONS

53. Kyes realleges and reincorporates all allegations above as if incorporated herein.

54. The foregoing conduct, as alleged, violate the Washington Wage Laws.

55. At all relevant times, Terex has been, and continue to be, an "employer" within the meaning of the Washington Wage Laws. At all relevant times, Terex employed "employee[s]," including Kyes and the Washington Class, within the meaning of the Washington Wage Laws.

56. RCW §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld.

57. Pursuant to RCW §49.52.080, there exists a presumption of willfulness.

58. The Washington Wage Laws require an employer, such as Terex to pay overtime compensation to all non-exempt employees. Kyes and the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

59. More specifically, the Washington Class members' claims are subject to the three-year statute of limitations applicable to the WMWA and implied contracts, as provided under RCW § 4.16.080(3). *See e.g.*, *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838, 991 P.2d 1126, 1134, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000); *Mitchell v. PEMCO Mut. Ins. Co.*, 134 Wash. App. 723, 737, 142 P.3d 623 (2006).

60. At all relevant times, Terex had a policy and practice of failing and refusing to pay overtime pay to Kyes for his hours worked in excess of forty hours per workweek.

61. Terex violated Washington Wage Laws including, but not necessarily limited to, RCW, WMWA, by failing to pay the Washington Class on a salary basis.

62. At all relevant times, Terex did not pay the Washington Class on a salary basis, so the Washington Class was not exempt under Wash. Admin. Code

§296-128-510 (executive), Wash. Admin. Code §296-128-520 (administrative), Wash. Admin. Code §296-128-530 (professional), and Wash. Admin. Code §296-128-532 (salary basis and deductions).

63. With regards to the Washington Class Members, Terex did not comply with Washington Admin. Code §296-126-092(4) which provides: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

64. At all relevant times, Terex willfully failed and refused, and continues to willfully fail and refuse, to pay Kyes and the Washington Class Members the amounts owed. Specifically, Terex claws back all hourly advances not paid for rest/meal break time. This conduct violates Washington Wage Laws as alleged in this cause of action.

65. Terex has denied Kyes and the Washington Class wages and benefits of employment, including contractual vacation pay, as alleged herein. Terex's deduction of Kyes and the Washington Class members vacation pay for wages results in depriving Kyes and Washington Class members of their vacation pay, in violation of RCW §49.52.050. Terex is, therefore, liable to Kyes and the Washington Class for all such vacation pay and other improperly deducted or rebated wages or earnings, and double damages, under RCW §49.52.070.

66. Kyes and the Washington Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Terex.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 9 -



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

67. Kyes and the Washington Class seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

68. Terex's illegal "straight time for overtime" policy extends beyond Kyes.

69. Terex's failure to pay for hours worked over 40 extends beyond Kyes.

70. It is the "straight time for overtime" payment plan that violates the FLSA and Washington Wage Laws in this collective and class action.

71. Terex pays numerous of hourly employees according to the same unlawful scheme.

72. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

73. Kyes and the Class Members impacted by Terex's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

74. Terex has accurate records of the wages paid to its hourly workers.

75. The Class Members are geographically disbursed, residing, and working in states across the country.

76. Kyes' experiences are typical of the experiences of all Putative Class Members.

77. Kyes has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, Kyes has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

78. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

79. Absent this action, many members of the FLSA Class and Washington Class likely will not obtain redress of their injuries and Terex will retain the proceeds of their violations of the FLSA and Washington Wage Laws.

80. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

81. The questions of law and facts common to each of the FLSA and Washington Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Terex employed the FLSA and Washington Class Members within the meaning of the FLSA and Washington Wage Laws;



b.      Whether the FLSA and Washington Class Members were exempt from overtime;

c.      Whether Terex's straight time for overtime compensation practice met the salary basis test;

d.      Whether Terex's decision not to pay overtime to the FLSA and Washington Class Members was made in good faith; and

e.      Whether Terex's violation of the FLSA and Washington Wage Laws was willful.

82.     Kyes' claims are typical of the FLSA and Washington Class Members since both have sustained damages arising out of Terex's illegal and uniform employment pay policy.

83.     Kyes knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

84.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

85.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## JURY DEMAND

86. Pursuant to F.R.C.P. 38, Kyes demands a trial by jury.

## PRAYER

87. WHEREFORE, Kyes prays for relief as follows:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Class Members to permit them to join this action by filing a written notice of consent;

    b. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23 under Washington Wage Laws;

    c. Judgment against Terex awarding Kyes and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

    d. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    e. All such other and further relief to which Kyes and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Nicholas D. Kovarik
Nicholas D. Kovarik
WA Bar No. 35462
nick@pyklawyers.com
**PISKEL YAHNE KOVARIK, PLLC**

522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
Pro Hac Vice Forthcoming

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
Pro Hac Vice Forthcoming

**ATTORNEYS FOR PLAINTIFFS**

CLASS AND COLLECTIVE ACTION
COMPLAINT  - 14 -



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935